UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS RAY MARSDEN,<br><br>　　Plaintiff,<br><br>vs.<br><br>ZEBULON (ZEB) GRAHAM, in his official and individual capacities as detective and deputy sheriff of the Bonneville County Sheriff's Department, RANDALL (RANDY) NEAL, in his official and individual capacities as the duly elected Prosecuting Attorney for Bonneville County,<br><br>　　Defendants, | Case No.: 4:23-cv-00547-BLW-REP<br><br>**REPORT AND RECOMMENDATION RE:**<br><br>**PLAINTIFF'S MOTION TO ADMIT SECOND AMENDED VERIFIED COMPLAINT AND JURY DEMAND**<br>**(Dkt. 43)**<br><br>**PLAINTIFF'S AMENDED BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LAW AND IN EQUITY**<br>**(Dkt. 44)**<br><br>**PLAINTIFF'S MOTION TO ADMIT AMENDED BRIEF IN SUPPORT OF PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT AND JURY DEMAND**<br>**(Dkt. 45)** |

Pending before the Court are the following motions: (i) Plaintiff's Motion for Summary Judgment (Dkt. 20); (ii) Defendants' Motion for Summary Judgment (Dkt. 26); (iii) Plaintiff's Motion to Strike Defendants' Statement of Material Facts in Support of Defendants' Motion for Summary Judgment and Other Errors (Dkt. 30); (iv) Plaintiff's Motion to Admit Second Amended Verified Complaint and Jury Demand (Dkt. 43); (v)

**REPORT AND RECOMMENDATION - 1**

Plaintiff's Amended Brief in Support of Plaintiff's Motion for Summary Judgment in Law and in Equity (Dkt. 44);[1] and (vi) Plaintiff's Motion to Admit Amended Brief in Support of Plaintiff's Second Amended Verified Complaint and Jury Demand (Dkt. 45). This Report and Recommendation[2] speaks only to the last three of these motions.

## REPORT

Plaintiff initiated this action *pro se* on December 5, 2023 (Dkt. 1), later amending his Complaint on December 18, 2023 (Dkt. 6). Before a Scheduling Order was ever entered, Plaintiff filed his Motion for Summary Judgment (Dkt. 20). Thereafter, however, Plaintiff expressed an intention to file an Amended Motion for Summary Judgment. *See* 8/15/24 Minute Entry (Dkt. 39).[3] On October 15, 2024, Plaintiff filed the at-issue motions (alongside a proposed Second Amended Verified Complaint and Jury Demand (Dkt. 42)). To promote the action's organization, streamline the process moving forward, and assist Plaintiff with Court protocol in the meanwhile, the undersigned recommends that each of these motions be denied without prejudice.

---

[1] This filing does not show up as a separate "motion" on the docket. It nonetheless appears to be tethered to a motion – perhaps Plaintiff's underlying Motion for Summary Judgment (Dkt. 20) – that, for the purposes of this Report and Recommendation, deserves to be addressed in the name of maintaining the action's organization moving forward.

[2] This action is assigned to U.S. District Judge B. Lynn Winmill. On March 14, 2024, Judge Winmill referred all matters to the undersigned "to conduct all necessary and proper proceedings pertaining thereto." Order at 1 (Dkt. 19). Relevant here, for dispositive motions, the undersigned is to submit "proposed findings of fact and recommendations as to disposition" – a "Report and Recommendation." *Id*. at 2.

[3] Through informal correspondence with the Court, Plaintiff indicated an intention to file his Amended Motion for Summary Judgment by the end of October 2024.

**REPORT AND RECOMMENDATION - 2**

To begin, as to Plaintiff's Motion to Admit Second Amended Verified Complaint and Jury Demand (Dkt. 43), the undersigned notes that the July 22, 2024 amendment deadline has passed.  *See* Sched. Order at 2 (Dkt. 33).  Under such a circumstance, "[t]he Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of 'good cause.'" *Id*. at 2, n.2 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)).  Critically, Plaintiff's Motion to Admit Second Amended Verified Complaint and Jury Demand (Dkt. 43) improperly relies on Fed. R. Civ. P. 15(a)(2) and ignores Fed. R. Civ. P. 16(b)(4)'s applicable and more heightened amendment standard.  *See generally* Mot. to Admit Second Am. Compl. (Dkt. 43).

It also arguably fails to take into account the District of Idaho Local Civil Rule requirement that a motion to amend a complaint must be accompanied by a version of the proposed amended complaint that shows – via "redlining, underlining, strikeouts, or other similarly effective methods" – how the proposed amended complaint differs from the operative complaint.  Dist. Idaho Loc. Civ. R. 15.1.[4]  While the undersigned has not yet scrutinized the 427 pages that make up the entirety of Plaintiff's proposed Second Amended Complaint filing at Dkt. 42, there does not appear to be a version of Plaintiff's

---

[4] District of Idaho Local Civil Rule 15.1's application in this setting is not obviously clear, given its inconsistent references to "pro se prisoner" and "pro se litigants" when discussing exceptions to the Rule.  Plaintiff is one, but not the other.  Still, the undersigned reads the Rule as excepting only the more-specifically-identified pro se prisoner.  Plus, the requirement is a good and helpful practice in any event; one that Plaintiff has thus far exhibited a technical ability with which to comply.

**REPORT AND RECOMMENDATION - 3**

proposed Second Amended Complaint therein that highlights the differences between it and the operative First Amended Complaint.

It is therefore recommended that Plaintiff's Motion to Admit Second Amended Verified Complaint and Jury Demand (Dkt. 43) be denied without prejudice, so that Plaintiff has the opportunity to file more appropriate briefing in support of that effort.

Next, as to Plaintiff's Amended Brief in Support of Plaintiff's Motion for Summary Judgment in Law and in Equity (Dkt. 44), the Court understands it to represent Plaintiff's earlier-expressed intention to file an Amended Motion for Summary Judgment. *See supra*.  But this filing seems to address Plaintiff's *proposed* Second Amended Complaint.  *See* Am. Brief in Supp. of Pl.'s Mot. for Summ. J. in Law and in Equity at 1 (Dkt. 44) (referencing Plaintiff's "SECOND AMENDED VERIFIED COMPLAINT AND JURY DEMAND") (capitalization in original).  Except the Court has not yet permitted Plaintiff even to file his proposed Second Amended Complaint.  In short, Plaintiff has "put the cart before the horse."  Only until Plaintiff is permitted to file his Second Amended Complaint can he then submit a motion for summary judgment relating to that same pleading.[5]

Therefore, to the extent Plaintiff's Amended Brief in Support of Plaintiff's Motion for Summary Judgment in Law and Equity (Dkt. 44) is understood to be a new motion speaking to a yet-to-be-permitted pleading, the undersigned recommends that it also be denied without prejudice in favor of first understanding which pleading – Plaintiff's

---

[5] The current dispositive motion deadline is December 20, 2024.  *See* Sched. Order at 2 (Dkt. 33)

**REPORT AND RECOMMENDATION - 4**

existing First Amended Complaint or his proposed Second Amended Complaint – is operative.  This type of structure benefits not only Plaintiff, but also Defendants and this Court.  In the event Plaintiff's Motion to Admit Second Amended Verified Complaint and Jury Demand (Dkt. 43) is granted and a Second Amended Complaint is permitted, Plaintiff is free to renew his Motion for Summary Judgment specific to *that* pleading.  If it is denied, and a Second Amended Complaint is not permitted, Plaintiff may still (but is not required to) amend his existing Motion for Summary Judgment in light of intervening circumstances since its May 2, 2024 filing.[6]  This is what the Court originally thought Plaintiff was going to do, rather than simultaneously pursuing a Second Amended Complaint alongside a dispositive motion.

Finally, as to Plaintiff's Motion to Admit Amended Brief in Support of Plaintiff's Second Amended Verified Complaint and Jury Demand (Dkt. 45), it includes the exact same argument as the one within Plaintiff's Motion to Admit Second Amended Verified Complaint and Jury Demand (Dkt. 43) (albeit with a different pleading caption).  The Court therefore understands this filing to be support for Plaintiff's proposed Second Amended Complaint.  For the reasons already referenced above, the undersigned similarly recommends that it be denied without prejudice.  *See supra*.

---

[6] In either case Plaintiff is directed to file (or re-file as the case may be) a single docket entry (with attachments as necessary) encapsulating the entirety of his arguments. At the moment, the arguments relative to Plaintiff's existing Motion for Summary Judgment appear to span multiple docket entries (Dkts. 20, 21 & 41) and hundreds of pages of material, making it difficult for the Court and Defendants to accurately digest and comprehend as intended.  In this way too, Defendants are able to respond in a single opposition rather than in piecemeal fashion.

**REPORT AND RECOMMENDATION - 5**

## **RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Motion to Admit Second Amended Verified Complaint and Jury Demand (Dkt. 43) be denied without prejudice, so that Plaintiff has the opportunity to file briefing consistent with the Federal Rules of Civil Procedure; and

2. Plaintiff's Amended Brief in Support of Plaintiff's Motion for Summary Judgment in Law and in Equity (Dkt. 44) be denied without prejudice; and

3. Plaintiff's Motion to Admit Amended Brief in Support of Plaintiff's Second Amended Verified Complaint and Jury Demand (Dkt. 45) be denied without prejudice, so that Plaintiff has the opportunity to file briefing consistent with the Federal Rules of Civil Procedure.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty (20) pages . . . within fourteen (14) days . . ., unless the magistrate or district judge sets a different time period."  Additionally, the other party "may serve and file a response, not to exceed twenty (20) pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

DATED:  October 25, 2024

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 6**