UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS RAY MARSDEN,<br><br>Plaintiff,<br><br>v.<br><br>ZEBULON (ZEB) GRAHAM, in his official and individual capacities as detective and deputy sheriff of the Bonneville County Sheriff's Department, RANDALL (RANDY) NEAL, in his official and individual capacities as the duly elected Prosecuting Attorney for Bonneville County,<br><br>Defendants. | Case No. 4:23-cv-00547-BLW-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a Report and Recommendation filed by United States Magistrate Judge Raymond E. Patricco (Dkt. 58), as well as Defendants' Motion to Strike (Dkt. 63) and Plaintiff's Motion for Leave to File Reply (Dkt. 64). For the reasons explained below, Court will adopt the Report and Recommendation in its entirety, deny Defendants' Motion to Strike as moot, and deny Plaintiff's Motion for Leave to File Reply.

## BACKGROUND

The facts underlying this dispute are explained in detail in the Report and Recommendation. *See* Dkt. 58 at 3-6. In brief, Plaintiff Dennis Ray Marsden paid about $2,000 to make 20,000 door hangers anonymously criticizing three incumbent Idaho Falls city council members ahead of the November 2021 election. These council members filed complaints, arguing that the door hangers violated Idaho's Sunshine Act by failing to identify the person(s) responsible for the printing of political literature. Defendant Zebulon Graham, a detective with the Bonneville County Sheriff's office, began investigating. He eventually requested an arrest warrant for Marsden for violating Idaho Code § 67-6614A (prohibiting anonymous political speech) and Idaho Code § 67-6611 (requiring a formal filing with the Secretary of State for expenditures over $100 in support or opposition of a candidate). Defendant Randall Neal, the prosecuting attorney for Bonneville County, refused because § 67-6614A would violate Marsden's First Amendment rights under *McIntyre v. Ohio Election Comm.*, 514 U.S. 334 (1995), and there was insufficient evidence that Marsden had knowingly violated § 67-6611.

In September 2022, Neal notified Marsden in writing that the expenditure needed to be reported to the Secretary of State pursuant to § 67-6611. Marsden wrote back that he would not comply, and Neal subsequently filed criminal misdemeanor charges. The case was eventually dismissed because the complaint

failed to allege the precise date of the violation, which the court determined was an essential element of the charged offense. Marsden initiated the present action *pro se* in December 2023, bringing claims for First Amendment retaliation, malicious prosecution, and conspiracy against Graham and Neal.

Both parties moved for summary judgment in May 2024. Over the next nine months, Marsden filed roughly a dozen additional procedural and evidentiary motions. In February 2025, the Magistrate Judge issued a Report and Recommendation on the cross-motions for summary judgment and two motions by Marsden to amend his complaint. The Magistrate Judge recommended denying Marsden leave to amend and granting summary judgment for Defendants. Regarding summary judgment, the Magistrate Judge specifically concluded that Neal was entitled to absolute immunity for performing his prosecutorial duties; Graham was shielded from liability under the independent charging doctrine; and Graham was entitled to qualified immunity because he acted in reliance on a duly enacted statute.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), Marsden timely objected to the Report and Recommendation "as regards Marsden's § 1983 claims against Graham for violating Marsden's constitutional right to anonymity." *Pl.'s Objection* at 2, Dkt. 60. Defendants filed a response pointing out that Marsden did not object to summary judgment for Graham based on the independent charging

doctrine, summary judgment for Neal based on absolute immunity, or the denial of Marsden's various other motions.

Marsden then filed a reply arguing that he had not waived the argument about independent charging doctrine and that the Court should not grant summary judgement for Graham. Dkt. 62. Defendants moved to strike the reply as impermissible under Rule 72(b)(2). Dkt. 63. Marsden responded with a new motion seeking leave to file his reply, contending that the Court has discretion to manage the briefing process and should allow him to correct Defendants' misrepresentations. All matters are now ripe.

## LEGAL STANDARD

Any party may challenge a magistrate judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.; see also* Fed. R. Civ. P. 72(b).

## ANALYSIS

The Court begins with Marsden's request to file a reply to Defendants'

response to his objection. Under Federal Rule of Procedure 72(b) and District of Idaho Local Rule 72.1(b)(2), a party has fourteen days to object to a Magistrate Judge's Report and Recommendation. The opposing party then has fourteen days to file a response to that objection. These rules do not allow the objecting party to then file a reply brief.

It is true that the Courts generally has discretion to allow supplemental briefing beyond what is normally permitted. *Willnerd v. Sybase, Inc., No. 1:09–cv–500*, 2011 WL 652539, at *1 (D. Idaho Feb. 10, 2011). But even assuming that this applies to Report and Recommendation process under Rule 72, there is no need to make an exception here. Marsden had a full and fair opportunity to dispute the Magistrate Judge's recommended disposition. Defendants' response to Marsden's objection does not contain any misrepresentations. And although the Court will not address each assertion in Marsden's reply, it suffices to say that he completely misunderstands the independent charging doctrine.[1] The Court has been quite patient with Marsden's deluge of procedurally creative filings and will not further

---

[1] The Court will briefly elaborate for Marden's benefit. Marsden argues that independent charging doctrine only immunizes Graham for the conduct that occurred after Neal independently filed charges. This gets it exactly backwards. "[T]he decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report *that resulted in the initiation of proceedings*." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004) (emphasis added). As the Magistrate Judge explained, Marsden had the burden of rebutting this presumption, and he failed to show either that there was no probable cause for the charge or that Graham exerted improper pressure on Neal. Dkt. 58 at 18-20.

MEMORANDUM DECISION AND ORDER - 5

delay the disposition of this matter.

Turning to the substance of the objection, Marsden's contentions are meritless. Specifically, he appears to challenge the Magistrate Judge's conclusion that Graham enjoys qualified immunity for his investigation into Marsden's potential violation of Idaho Code § 67-6614A. This provided an independent basis for summary judgment in Graham's favor.

Qualified immunity protects state officials from liability unless a plaintiff proves "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). A public official who acts in reliance on a duly enacted statute is "ordinarily" entitled to qualified immunity, even if the statute is later found to be unconstitutional. *See Dittman v. California*, 191 F.3d 1020, 10027 (9th Cir. 1999). Qualified immunity does not, however, apply when an official enforces "a statute that is 'patently violative of fundamental constitutional principles.'" *Id.* (quoting *Grossman v. City of Portland,* 33 F.3d 1200, 1209 (9th Cir. 1994)).

Idaho Code § 67-6614A provides: "Whenever any person makes an expenditure for the purpose of financing communications expressly advocating the election, approval or defeat of a candidate . . . the person responsible for such communication shall be clearly indicated on such communication." Marsden does

not dispute that he violated the law by printing 20,000 anonymous political door hangers. Rather, he argues that the statute violates the First Amendment and is so blatantly unconstitutional that Graham's efforts at enforcement are unprotected by qualified immunity.

The Court does indeed have reservations about the constitutionality of § 67-6614A. In *McIntyre v. Ohio Election Commission*, the Supreme Court struck down a similar law prohibiting anonymous election pamphlets, reasoning that the First Amendment protects the right to anonymous political speech. 514 U.S. 334, 357 (1995). That law appears to be slightly broader than Idaho's, which applies only to those who make "an expenditure for the purpose of financing communications. § 67-6614A. But there are major commonalities between the statutes, and the dissent in *McIntyre* even identified Idaho's statute as one of the many policies that would be called into question by the majority's decision. *McIntyre*, 514 U.S. at 376 n.2 (Scalia, J., dissenting). In the present matter, the county prosecutor apparently shared these concerns, because he informed Graham that arresting Marsden for violating § 67-6614A would violate the First Amendment. *Defs.' Statement of Facts* ¶ 28, Dkt. 26-2.

Nonetheless, § 67-6614A is not "patently violative of fundamental constitutional principles." Graham is a police officer, not a lawyer, and he is entitled to rely on Idaho's laws. The statute at issue here passed thirty years ago

and has not been struck down or even directly challenged. Perhaps that is a shame. But the question here is Graham's qualified immunity, not the statute's validity. Even if Graham's investigation infringed on Marden's First Amendment right to anonymous speech, Graham is entitled to qualified immunity because he reasonably relied on a duly enacted statute.

In sum, the Court's *de novo* review of this portion of the report confirms the conclusions of the Magistrate Judge. The Court will therefore overrule Marsden's objections, accept the findings and recommendations of the Magistrate Judge, and adopt the Report and Recommendation in its entirety.

## ORDER

IT IS ORDERED that:

1. The Report and Recommendation entered on February 18, 2025 (Dkt. 58), is **INCORPORATED** and **ADOPTED** in its entirety.

2. Plaintiff's Motion for Summary Judgment (Dkt. 20) is **DENIED**.

3. Defendants' Motion for Summary Judgment (Dkt. 26) is **GRANTED**.

4. Plaintiff's Motion for Leave to Amend the Amended Verified Complaint and Jury Demand (Dkt. 49) is **DENIED**.

5. Plaintiff's Motion for Leave to Amend the Amended Verified Complaint and Jury Demand and Motion to Extend Rule 16(b) (Dkt. 54) is **DENIED**.

6. Defendants' Motion to Strike (Dkt. 63) is **DENIED as moot**.

7. Plaintiff's Motion for Leave to File Reply (Dkt. 64) is **DENIED**.

DATED: April 28, 2025

B. Lynn Winmill
U.S. District Court Judge